**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| IN RE: | Case No.: 19-11380 |
| | Chapter: 13 |
| David Opelka | Plan filed on 04/19/2019 |
| Clarita Opelka | Confirmation Hearing: 6/5/19 |
| Debtor(s) | Judge Deborah L. Thorne |

**OBJECTION TO CONFIRMATION OF PLAN FILED ON 04/19/2019**

     **NOW COMES** DITECH FINANCIAL LLC, and/or its assigns (hereinafter "Movant"), by and through its attorneys, Codilis & Associates, P.C., and moves this Honorable Court for an Order denying confirmation of Debtor's plan filed on 04/19/2019 and in support thereof states as follows:

     1.    Debtor filed a petition under Chapter 13 of Title 11, United States Bankruptcy Code on 4/19/19 and this Court has jurisdiction pursuant to 28 U.S.C. §1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois;

     2.    Movant intends to file a claim secured by an interest in the real property commonly known as 4710 149Th Street, Midlothian, IL 60445 and that the Chapter 13 plan herein proposes that Debtor cure the pre-petition arrearage claim through the Chapter 13 Trustee while maintaining current, post-petition mortgage payments;

     3.    That although Movant intends to file a proof of claim indicating an estimated pre-petition arrearage in the amount of $45,058.06, the proposed plan provides for payment of only $9,240.00 in contradiction of Movant's rights under 11 U.S.C. §1322(b)(2) and/or §1322(b)(5);

     4.    That assuming Debtor makes all Chapter 13 plan payments in a timely fashion, the plan would have to be administered for approximately 107 months in order to pay Movant's estimated pre-petition arrearage in full and said cure is unreasonable and fails to adequately protect Movant's interest;

5. That at Part 3.1, the plan specifies the amount of the monthly current mortgage payment to be made by the debtor as $1,320.00;

6. That the correct payment amount pursuant to the contract is $1,512.13 and said amount may change from time to time due to escrow analysis or for other reasons;

7. That a confirmed plan might have the effect of binding Movant as a party to the bankruptcy to accept $1,320.00 a month each month for the pendency of the bankruptcy in contradiction of its rights under the mortgage and 11 U.S.C. §1322;

8. That sufficient grounds exist for denial of confirmation as Debtor's plan:
   a. Fails to cure Movant's pre-petition arrearage claim amount in full;
   b. Fails to cure Movant's pre-petition arrearage claim within a reasonable time; and
   c. Fails to provide for correct post-petition mortgage payment.

**WHEREFORE,** DITECH FINANCIAL LLC prays this Court deny confirmation of the plan allowing the fees and costs described herein to be added to the indebtedness pursuant to the terms of the note and mortgage, and for such other and further relief as this Court may deem just and proper.

Dated this 5/6/2019.

Respectfully Submitted,
Codilis & Associates, P.C.

By: /s/ Brenda Likavec

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Brenda Ann Likavec ARDC#6330036
Grant W. Simmons ARDC#6330446
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-18-03113)**

NOTE: This law firm is a debt collector.